IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| BAILEY REYNOLDS and HELEN MARTINEZ on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>FIDELITY INVESTMENTS INSTITUTIONAL OPERATIONS COMPANY, INC., FMR LLC, FIDELITY BROKERAGE SERVICES LLC, FIDELITY WORKPLACE INVESTING LLC, and VERITUDE LLC,<br><br>*Defendants.* | No. 1:18-cv-00423-CCE-LPA |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT; PROVISIONAL CERTIFICATION OF THE SETTLEMENT CLASSES; APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL; APPROVAL OF SETTLEMENT ADMINISTRATOR; AND <u>APPROVAL OF PLAINTIFFS' NOTICE OF SETTLEMENT</u>**

WHEREAS, Plaintiffs Bailey Reynolds and Helen Martinez and Defendants Fidelity Investments Institutional Operations Company, Inc. ("FIIOC"), FMR LLC, Fidelity Brokerage Services LLC ("FBS"), Fidelity Workplace Investing LLC ("FWI"), and Veritude LLC (collectively, "Fidelity" or "Defendants") have entered into the Settlement Agreement of Class and Collective Action and Release of Claims ("Settlement Agreement"), attached to this Order as Exhibit A, which is intended to resolve claims asserted in this action by Plaintiffs; and

WHEREAS, having reviewed and considered the Settlement Agreement and accompanying Exhibits, the Plaintiffs' Motion for Preliminary Approval, the declaration(s) filed in support of the Plaintiffs' Motion for Preliminary Approval, and having heard and considered the argument of counsel, the Court makes the findings and grants the relief set forth below, authorizing notice of the settlement contained in the Settlement Agreement upon the terms and conditions set forth in this Order.

**IT IS HEREBY ORDERED AS FOLLOWS:**

<u>*Jurisdiction, Certification of Settlement Classes for Settlement Purposes, and Appointment of the Plaintiffs and Class Counsel*</u>

1. Capitalized terms used in this Order have the meanings assigned to them in the Settlement Agreement and this Order.

2. The Court has jurisdiction over the subject matter of this action, including the claims asserted, Plaintiffs, the members of the proposed FLSA Collective ("Settlement Collective Action") and proposed Rule 23 Settlement Classes ("Settlement Classes"), Defendants, and the implementation and administration of the Settlement Agreement.

3. The Settlement Agreement, which was filed with the Court as Exhibit A to Plaintiffs' Motion for Preliminary Approval (Dkt. 53-1), is preliminarily approved, as it appears fair, reasonable, and adequate within the meaning of Fed. R. Civ. P. 23, subject to final consideration thereof at the Final Approval Hearing provided for below.

4. On the basis of the findings set forth below, the Court hereby conditionally certifies the following Settlement Collective Action pursuant to Section 16(b) of the FLSA, for settlement purposes only, in accordance with the terms of the Settlement Agreement:

2

all non-exempt employees of Fidelity Workplace Investing LLC, Fidelity Investments Institutional Operations Company, Inc., FMR LLC, Fidelity Brokerage Services LLC or Veritude LLC who (1) worked at least 40 hours in one full workweek between August 7, 2015 and December 31, 2018, (2) for the Workplace Investing Business Group, (3) primarily interacting telephonically or on-line with customers, and (4) utilizing the Aspect or Genesys phone systems.

5. On the basis of the findings set forth below, the Court hereby conditionally certifies the following Settlement Classes pursuant to pursuant to Fed. R. Civ. P. 23 for settlement purposes only in accordance with the terms of the Settlement Agreement:

"NCHWA Class," which corresponds to Plaintiffs' NCWHA Rule 23 class claims, means all non-exempt employees of Fidelity Workplace Investing LLC, Fidelity Investments Institutional Operations Company, Inc., FMR LLC, Fidelity Brokerage Services LLC or Veritude LLC who (1) worked in the Durham, North Carolina call center between 17, 2016 and December 31, 2018, (2) for the Workplace Investing Business Group, (3) primarily interacting telephonically or on-line with customers, and (b) utilizing the Aspect or Genesys phone systems; and "NMWHA Class," which corresponds to Plaintiffs' NMWHA Rules 23 class claims, means all non-exempt employees of Fidelity Workplace Investing LLC, Fidelity Investments Institutional Operations Company, Inc., FMR LLC., Fidelity Brokerage Services LLC or Veritude LLC who (1) worked at least 40 hours in one full workweek in the Albuquerque, New Mexico call center between May 17, 2016 and December 31, 2018, (2) for the Workplace Investing Business Group, (3)

3

primarily interacting telephonically or on-line with customers, and (4) utilizing the Aspect or Genesys phone systems.

6. For the purpose of settlement only, the Court further finds that Plaintiffs' Counsel are adequate to serve as Class Counsel and conditionally appoints Gilda A. Hernandez of the Law Offices of Gilda A. Hernandez, PLLC, and Christine E. Webber of Cohen Milstein Sellers & Toll, PLLC, as Class Counsel for the Settlement Classes. Any member of the Settlement Classes who does not elect to be excluded may, but need not, enter an appearance through his or her own attorney. Settlement Class members who do not enter an appearance through their own attorneys will be represented by Class Counsel.

7. For the purposes of settlement only, the Court further finds that named Plaintiffs Bailey Reynolds and Helen Martinez are adequate Class Representatives.

*Notice to Settlement Classes, Opt-In Procedure, and Appointment of Settlement Administrator*

8. The Court approves as to form and content the Notice, Reminder Postcard, and Claim Form, attached as Exhibits to the Settlement Agreement, which is an Exhibit to Plaintiffs' Motion for Preliminary Approval, respectively;

9. The manner and forms of Notice to be sent to members of the Putative Settlement Classes set forth in § IV of the Settlement Agreement are hereby approved and the provisions thereof are hereby incorporated into this Order so that upon entry of this Order, the Parties are directed to ensure that the Notice is disseminated according to the terms of § IV(A)(2) of the Settlement Agreement.

4

Case 1:18-cv-00423-CCE-LPA   Document 52-1   Filed 02/22/19   Page 4 of 17

10. Members of the Settlement Classes and Collective Action are authorized to receive a settlement payment only if they timely submit a signed Claim Form to the Settlement Administrator via U.S. Mail, fax, or email so that it is postmarked, if sent by U.S. Mail, or received, if sent by fax or email, on or before the date seventy-five (75) calendar days after the date on which the Settlement Administrator first mails the Notice and Claim Form to the members of the Settlement Classes and Settlement Collective Action, in accordance with the terms of the Settlement Agreement. All members of the Settlement Classes and Settlement Collective Action who fail to comply with these requirements shall be forever barred from receiving any settlement payment pursuant to the Settlement set forth in the Settlement Agreement.

11. Prior to the Final Approval Hearing, the Settlement Administrator shall serve and file a sworn statement attesting to compliance with the Settlement Agreement.

*Requests for Exclusion from the North Carolina or New Mexico State Law Settlement Classes*

12. Members of the Putative Rule 23 Settlement Classes may request exclusion from the Rule 23 Settlement Classes and the Settlement. All written requests by members of the Settlement Classes to exclude themselves from the Settlement must be returned by First-Class U.S. Mail to the Settlement Administrator so that it is postmarked no later than seventy-five (75) calendar days after the date on which the Settlement Administrator first mails the Notice and Claim Form to the members of the Putative Settlement Classes. A written request seeking exclusion must expressly state that the class member wishes to be excluded from the Settlement. The request should state at the top of the letter "Request for

5

Exclusion from Settlement in *Reynolds, et al. v. Fidelity Investments Institutional Operations Company, Inc., et al.*, No. 1:18-CV-423-CCE-LPA," and should include the name, address, telephone number, and signature of the individual requesting exclusion from the Settlement.

13. In the event the Settlement receives final approval, any member of the Settlement Classes who did not properly and timely request exclusion shall be bound by all the terms and provisions of the Settlement Agreement, the final approval order, the final judgment, and the releases set forth therein, and will be deemed to have waived all objections and opposition to the fairness, reasonableness, and adequacy of the Settlement, whether or not such person objected to the Settlement and whether or not such person made a claim upon, or participated in, the Settlement. All members of the Settlement Classes who do not timely and validly request to be excluded would be enjoined from proceeding against the Defendants for the claims made in the Complaint.

14. All members of the Settlement Classes who submit valid and timely notices of their intent to be excluded from the Settlement Classes: (i) shall not have any rights under the Settlement Agreement; (ii) shall not be entitled to receive a settlement payment; and (iii) shall not be bound by the Settlement Agreement, any final approval order, or the final judgment.

*Objections to the Settlement*

15. Consistent with the Settlement Agreement, members of the Settlement Classes who have not requested exclusion and wish to object to the Settlement must file a written objection with the U.S. District Court for the Middle District of North Carolina setting

6

forth the nature of his or her objection, and the arguments supporting the objection, and serve copies of the objection to Class Counsel and Defense Counsel. Any objections must be filed and served no later than seventy-five (75) calendar days after the date on which the Settlement Administrator first mails the Notice and Claim Form to the members of the Putative Settlement Classes. To the extent that any objection is filed in advance of the Final Approval Hearing, the Parties may file a written response to the objection as time permits. Unless otherwise permitted by the Court, objecting Settlement Class Members shall not be entitled to speak at the hearing on the Final Approval Date unless they have timely filed and served a written objection. Any Settlement Class Member who has properly and timely submitted objections may appear at the Final Approval Date hearing, either in person or through a lawyer retained at their own expense. Any Settlement Class Members who fail to file and serve a timely written objection shall be deemed to have waived any objection and shall be foreclosed from objecting to this Settlement.

*Approval and Appointment of Settlement Administrator*

16. The Court approves and appoints RG2 Claims Administration LLC ("RG2") to serve as the neutral, third-party Settlement Administrator in accordance with the terms of the Settlement Agreement and this Order. The Court HEREBY ORDERS and AUTHORIZES RG2 to perform the administrative duties specified herein.

**I. Issue Notice of Settlement**

17. First, the Court ORDERS RG2 to issue the approved Notice, Claim Form, and postage pre-paid return envelope to all members of the Settlement Classes and Settlement Collective Action, as defined above. To that end, RG2 shall:

18. Accept receipt of information regarding the Named and Opt-In Plaintiffs and members of the Settlement Classes and Settlement Collective Action (as described in § IV, (A)(1) of the Settlement Agreement) and shall keep that information confidential in accordance with the terms of § IV, (A)(1) of the Settlement Agreement;

19. Update the provided addresses for all members of the Settlement Classes and Settlement Collective Action using the National Change of Address database in accordance with the terms of § IV, (A)(1) of the Settlement Agreement;

20. Ensuring the total cost is consistent with RG2's quoted cost for services and expenses in connection with the administration of the Settlement prior to the mailing of the Settlement Notice, in accordance with the terms of § IV(D)(5) of the Settlement Agreement;

21. Calculating the amount of the individual Settlement Payments in accordance with the terms of § III(C)(1) of the Settlement Agreement;

22. Prepare, format, print, and disseminate by First-Class U.S. Mail the Notice and Claim Form approved by the Court, together with a pre-addressed, postage-paid return envelope, and follow-up on any undeliverable Notices and Claim Forms with a skip trace in accordance with the terms of § IV (A)(2) of the Settlement Agreement;

23. Resend the approved Notice and Claim Form where appropriate in accordance with the terms of § IV, (A)(2) of the Settlement Agreement;

24. In addition to mailing the Notice of Settlement, the Settlement Administrator shall maintain a password protected website from the date that the Notice of Settlement is mailed until at least 75 calendar days following the date of the final fairness hearing. This

website shall: (i) provide a brief summary of who is to receive the Notice of Settlement and the purpose of the Notice of Settlement; (ii) provide members of the Settlement Classes and Settlement Collective Action with access to downloadable copies of the Notice of Settlement, Settlement Agreement, and the required claim form they are required to submit in order to receive a Settlement Payment; (iii) provide a mechanism for members of the Settlement Classes and Settlement Collective Action to submit their required claim form with an electronic signature; (iv) provide answers to "frequently asked questions" using language agreed to between the parties; and (v) contact information for the Settlement Administrator. The parties shall agree as to the URL for the Settlement Administrator's website, as well as the specific language and formatting of that website, before it is operational.

25. Thirty-Seven (37) days after the initial mailing of the Notice and Claim Form, send by First Class Mail the short "Reminder Notice" postcard approved by the Court to all members of the Settlement Classes or Settlement Collective Action who have not yet submitted a Claim Form in accordance with the terms of § IV(A)(2) of the Settlement Agreement. The Settlement Administrator may provide replacement copies of the Notice of Settlement and claim form to members of the Settlement Classes and Settlement Collective Action via the website discussed in § IV(A)(4), or by mail if requested by a member of the Settlement Class or Settlement Collective Action.

## II. Collect Required Forms and Requests for Exclusion

26. The Court FURTHER ORDERS RG2 to collect the Court-approved Claim Forms returned by members of the Settlement Classes and Settlement Collective Action,

9

as well as to collect written requests for exclusion by members of the Rule 23 Settlement Classes. As part of these tasks, RG2 shall:

27. Establish and maintain a P.O. Box, e-mail account, and fax number for receipt of Court-approved Claim Forms, as well as requests for exclusion and other communications from the members of the Putative Settlement Classes;

28. Follow up to obtain signed Claim Forms if any are submitted lacking the necessary signature in accordance with the terms of § IV(A)(3) of the Settlement Agreement; and

29. Contact any members of the Putative Rule 23 Settlement Class who timely and properly submit both (i) a written request for exclusion, and (ii) a Claim Form, or objections to the proposed settlement, to inform such individuals that they cannot both request exclusion from the Settlement and submit a Claim Form and/or object to the settlement and ask such individuals which option they wish to pursue.

### III. Establish and Distribute Funds from a Qualified Settlement Fund

30. Additionally, the Court ORDERS that, following the issuance of an Order from this Court, if any, granting final approval to the Parties' proposed settlement, and after the Effective Date of the Parties' proposed settlement, as defined in § II(A)(4) of the Settlement Agreement, RG2 shall take the necessary steps, consistent with the Court-approved settlement, to distribute Settlement Payments (as defined in § II(A)(22) of the Settlement Agreement) to Authorized Claimants, as well as to make any other Court-authorized payments under the Settlement. This shall include:

31. Setting up a Qualified Settlement Fund ("QSF") and accepting distribution by Defendants of the Gross Settlement Amount into that fund in accordance with the terms of § IV(D)(1) of the Settlement Agreement;

32. Paying Court-authorized awards of Class Counsel's Fees and Expenses (as set forth in § IV(D)(3) of the Settlement Agreement), if any, from the QSF, and issuing I.R.S. Form 1099s to Class Counsel for such payments, in accordance with the terms § IV (D)(3) of the Settlement Agreement;

33. Paying Court-authorized Service Awards to the Named Plaintiffs (as set forth in §IV(D)(4) of the Settlement Agreement), if any, from the QSF, and issuing I.R.S. Form 1099s to Named Plaintiffs for such payments, in accordance with the terms of § IV(D)(4) of the Settlement Agreement;

34. If the Court awards less than the requested amount of Attorneys' Fees, Expenses, or Service Awards, re-calculate the amount of the individual Settlement Payments in accordance with § IV(C) of the Settlement Agreement prior to distribution and following the effective date.

35. Determining which members of the Settlement Classes or Settlement Collective Action are Authorized Claimants who will receive Settlement Payments;

36. Performing all tax reporting duties required by federal, state, or local law, in accordance with the terms of § IV(D)(2) of the Settlement Agreement;

37. Preparing and sending, by U.S. Mail, Settlement Payments to Authorized Claimants in accordance with the terms of §IV (D)(2) of the Settlement Agreement;

38. Preparing and sending, by U.S. Mail, I.R.S. Forms W-2 and 1099 to Authorized Claimants either contemporaneously with or an appropriate time after the issuance of Settlement Payments, in accordance with the terms of § III(D) of the Settlement Agreement;

39. Providing copies of each negotiated settlement check to Defendants;

40. Voiding and placing stop-payments on Settlement Payment checks that are not negotiated within one hundred-eighty (180) calendar days after being mailed to Authorized Claimants, or that are reported as potentially stolen or lost by an Authorized Claimant; Reissuing and mailing checks to Authorized Claimants who reported the check was lost or stolen;

41. Within one-hundred ninety (190) days after mailing the Individual Settlement Amount checks, preparing and sending to Defense Counsel and Class Counsel an accounting of the settlement distribution that identifies any checks issued but not cashed and, within seven (7) days of providing this accounting, issuing a check to the *cy pres* beneficiaries identified in § IV(D)(2) in accordance with the terms of that Section of the Settlement Agreement.

## IV. Reporting Activities to the Parties

42. RG2 is HEREBY ORDERED to regularly report to the Parties, in written form, the substance of the work it performs in this matter pursuant to this Order and the Settlement Agreement in accordance with the terms of § IV(D)(5) of the Settlement Agreement. This shall include informing the Parties of the dates RG2 mails the Notice to

members of the Putative Settlement Classes, the number of claim forms, objections or exclusion requests received, and when it distributes funds from the QSF.

43. The Settlement Administrator shall provide to counsel for both parties, within 100 days of the mailing of the Notice of Settlement a declaration from an appropriate agent or agents working for it, stating under penalty of perjury: (a) the names and addresses of all individuals to whom the Settlement Administrator mailed notice of the proposed settlement; (b) whether each such individual was an Opt-in Plaintiff, member of the Settlement Collective Action, or member of a Settlement Class; (c) whether each such individual timely and properly submitted the required form to receive a Settlement Payment and, if so, the amount of that payment; and (e) the identity of all individuals who validly and timely requested exclusion from the settlement.

44. To allow the Parties and the Court to evaluate the work performed by RG2 in this matter, RG2 is also ORDERED to maintain records of all activities associated with its settlement administration duties pursuant to this Order and the Settlement Agreement, including: (i) records reflecting the dates of all mailings to members of the Settlement Classes or Settlement Collective Action; (ii) records reflecting the dates of all materials and inquiries received in connection with the proposed settlement (whether by U.S. Mail, fax, text, e-mail, or telephone); (iii) the original mailing envelope for any returned Notice, any claim forms received, any written requests for exclusion, or any other correspondence received from members of the Settlement Classes, Settlement Collective Action, or Authorized Claimants; (iv) logs or date-stamped copies showing the dates and times of receipt of claim forms received by fax; (v) the original copies of any U.S. mail, text or

email communications with any members of the Settlement Classes, Settlement Collective Action, or Authorized Claimants.

## V. Miscellaneous

45. MOREOVER, the Court ORDERS that from the mailing of the Notice, through one-hundred ninety (190) days following the final distribution of funds from the QSF to Authorized Claimants, RG2 shall establish and maintain a toll-free telephone number for inquiries from members of the Settlement Classes, Settlement Collective Action, or Authorized Claimant regarding the notice and distribution process.

46. The Court FURTHER ORDERS that counsel for all Parties have the right to review and approve any documents to be mailed by RG2 or posted by RG2 on the website in connection with the proposed settlement prior to their mailing or posting, and RG2 may not mail or post any such documents without first receiving written approval from counsel for the Parties or direction from the Court to send such documents.

47. RG2 is FURTHER ORDERED to take reasonable steps to protect the disclosure of any and all personal information concerning members of the Settlement Classes or Settlement Collective Action provided to RG2 by counsel for the Parties, including but not limited to members of the Settlement Classes or Settlement Collective Action personal information provided pursuant to § IV (A)(1) of the Settlement Agreement. This includes maintaining reasonable administrative, physical, and technical controls in order to avoid public disclosure of any such information and to protect the confidentiality, security, integrity, and availability of such personal data in accordance with the terms of § IV (A)(1) of the Settlement Agreement).

48. Finally, RG2 is ORDERED to perform whatever additional tasks that are agreed to by all Parties, and which are reasonably necessary to effectuate the issuance of the Court-authorized Notice, to collect and track the Claim Forms submitted by Authorized Claimants, and requests for exclusion from those Settlement Class members who wish to exclude themselves from the proposed settlement, and, if it is later granted final approval, to distribute funds associated with the settlement in accordance with the terms of the Settlement Agreement.

### *The Final Approval Hearing*

49. Pursuant to Rule 23(e) of the Fed. R. Civ. P., the Court will hold a hearing to determine whether the Settlement Agreement and its terms are fair, reasonable and in the best interests of the members of the Settlement Classes, and whether a final judgment as to Plaintiffs' claims as provided in the Settlement Agreement should be entered granting final approval of the Settlement (the "Final Approval Hearing").

50. At the Final Approval Hearing, the Court shall also determine whether, and in what amount, attorney's fees, costs, and expenses should be awarded to Class Counsel, and whether, and in what amount, service awards should be made to Plaintiffs.

51. The Final Approval Hearing is hereby scheduled to be held before this Court on the ___ day of _____ 2019 **[DATE AT LEAST 100 DAYS AFTER THE DATE OF THIS ORDER]**, at ___:__0__.M. in Courtroom __ of the United States District Court, 324 W. Market St., Greensboro, NC 27401.

52. The date and time of the Final Approval Hearing shall be set forth in the Notice, but the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the members of the Settlement Classes Settlement Collective Action, or Authorized Claimants other than that which may be posted by the Court.

53. Only members of the Settlement Classes who have filed and served timely notices of objection in accordance with the terms of §IV(A)(3) of the Settlement Agreement and this Order shall be entitled to be heard at the Final Approval Hearing. Any member of the Settlement Classes who does not timely file and serve an objection in writing to the Settlement Administrator, within 75 calendar days after the mailing date of the Notice of Settlement, prior to entry of Final Judgment, or to Class Counsel's application for fees, costs, and expenses or to service awards, in accordance with the procedure set forth in the Notice and mandated in this Order, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise.

*Other Provisions*

54. Each and every time period and provision of the Settlement Agreement shall be deemed incorporated herein as if expressly set forth and shall have the full force and effect of an Order of this Court.

55. The costs of settlement administration shall be paid as set forth in §IV (D)(5) of the Settlement Agreement.

56. Certification of the Settlement Classes and Settlement Collective Action is a conditional certification for settlement purposes only. If the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement, or this Court does not grant

16

final approval of the Settlement Agreement, or the Settlement is not consummated or fails to become effective for any reason whatsoever, the conditional certification of the Settlement Classes and Settlement Collective Action shall automatically be cancelled and shall be void, any collective or class actions certified solely for purposes of the Settlement shall be decertified pursuant to the terms of § IV(E)(3) of the Settlement Agreement, and the Defendants shall have reserved all of their rights to challenge the propriety of collective action certification or class action certification for any purpose, including the opposition to any and all class or collective certification motions in this action, to contest the adequacy of any Plaintiffs as representatives of the Settlement Classes, and to contest the adequacy of Plaintiffs' counsel as adequate Class Counsel. Additionally, Plaintiffs reserve all of their rights, including the right to continue with the litigation as set forth in the Settlement Agreement, should the Settlement Agreement not be consummated.

SO ORDERED this ___ day of _____, 2019.

_____
The Honorable Catherine Eagles
United States District Judge