IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BAILEY REYNOLDS and HELEN MARTINEZ on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| *Plaintiffs,* | ) ) | No. 1:18-cv-00423-CCE-LPA |
| v. | ) ) | |
| FIDELITY INVESTMENTS INSTITUTIONAL OPERATIONS COMPANY, INC., FMR LLC, FIDELITY BROKERAGE SERVICES LLC, FIDELITY WORKPLACE INVESTING LLC, and VERITUDE LLC, | ) ) ) ) ) ) ) | |
| *Defendants.* | ) ) | |

**<u>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF SERVICE AWARDS</u>**

# TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | FACTUAL BACKGROUND | 1 |
| III. | ARGUMENT | 3 |
| | A. The Requested Service Awards Are Reasonable and Should Be Approved. | 3 |
| | B. The Plaintiffs Assumed Significant Risks. | 6 |
| | C. The Plaintiffs Expended Significant Time and Effort. | 8 |
| | D. The Ultimate Recovery Supports the Requested Service Awards. | 10 |
| IV. | CONCLUSION | 12 |

# TABLE OF AUTHORITIES

**Cases**

*Archbold v. Wells Fargo Bank, N.A.*,
  2015 U.S. Dist. LEXIS 92855, at *14 (S.D. W. Va. July 13, 2015) ..................................... 4

*Beasley v. Custom Communs, Inc.*,
  2017 U.S. Dist. LEXIS 219975, at *9 (E.D.N.C. Oct. 24, 2017) ..................................... 11

*Brooklyn Sav. Bank v. O'Neil*
  324 U.S. 697 (1945) ..................................................................................................... 4

*Darveau v. Detecon, Inc.*
  515 F.3d 334 (4th Cir. 2008) ..................................................................................... 6, 7

*Deem v. Ames True Temper, Inc.*
  2013 U.S. Dist. LEXIS 72981 (S.D. W. Va. May 22, 2013) ........................................... 10

*Dellinger v. Sci. Applications Int'l Corp.*
  649 F.3d 226 (4th Cir. 2011) ..................................................................................... 6, 7

*DeWitt v. Darlington Cty.*
  2013 U.S. Dist. LEXIS 172624 (D.S.C. Dec. 6, 2013) ............................................ 5, 6, 11

*Doe v. New Ritz, Inc.*
  2016 U.S. Dist. LEXIS 14159 (D. Md. Feb. 5, 2016) ..................................................... 7

*Faile v. Lancaster Cty.*
  2012 U.S. Dist. LEXIS 189610 (D.S.C. Mar. 8, 2012) ............................................. 5, 11

*Graniteville Co. (Sibley Div.) v. EEOC*
  438 F.2d 32 (4th Cir. 1971) ........................................................................................... 6

*Guippone v. BH S&B Holdings, LLC*
  2011 U.S. Dist. LEXIS 126026 (S.D.N.Y. Oct. 28, 2011) ............................................... 8

*Helmick v. Columbia Gas Transmission*
  2010 U.S. Dist. LEXIS 65808 (S.D. W. Va. July 1, 2010) ..................................... 3, 6, 11

*Hoffman v. First Student, Inc.*
  2010 U.S. Dist. LEXIS 27329 (D. Md. Mar. 23, 2010) ............................................... 5, 6

*Kay Co. v. Equitable Prod. Co.*
  749 F. Supp. 2d 455 (S.D. W. Va. 2010) ...................................................................... 11

*Leigh v. Bottling Grp., LLC*
   2012 U.S. Dist. LEXIS 17016 (D. Md. Feb. 10, 2012) ............................................. passim

*Muhammad v. Nat'l City Mortg., Inc.*
   2008 U.S. Dist. LEXIS 103534 (S.D. W. Va. Dec. 19, 2008) ................................................ 6

*Rehberg v. Flowers Baking Co. of Jamestown, LLC*
   2015 U.S. Dist. LEXIS 36929 (W.D.N.C. Mar. 23, 2015) ..................................................... 7

*Savani v. URS Prof'l Sols. LLC*
   121 F. Supp. 3d 564 (D.S.C. 2015) ................................................................................... 10

*Singleton v. Domino's Pizza, LLC*
   976 F. Supp. 2d 665 (D. Md. 2013) ................................................................................ 4, 8

*Smith v. Res-Care, Inc.*
   2015 U.S. Dist. LEXIS 145266 (S.D. W. Va. Oct. 27, 2015) .............................................. 10

*Temp. Servs. v. Am. Int'l Grp., Inc.*
   2012 U.S. Dist. LEXIS 131201 (D.S.C. Sep. 14, 2012) ...................................................... 10

*Ware v. AUS, Inc.*
   2017 U.S. Dist. LEXIS 56495 (D. Md. Apr. 13, 2017) ......................................................... 7

**Other Authorities**

Nantiya Ruan, *Bringing Sense to Incentive Payments: An Examination of Incentive Payments to Named Plaintiffs in Employment Discrimination Class Actions*, 10 Emp. Rts. & Emp. Pol'y J. 395 (2006) ................................................................................. 4

I. **INTRODUCTION**

In connection with Plaintiffs' Unopposed Motion for Preliminary Approval of Class and Collective Action Settlement; Approval of Settlement Administrator; and Approval of Plaintiffs' Notice of Settlement, in the above-captioned action,[1] and consistent with the terms of the parties' Stipulation and Settlement Agreement, Plaintiffs respectfully request that the Court approve Service Awards for Named Plaintiff Bailey Reynolds in the amount of $20,000 in addition to her allocated damages, for Named Plaintiff Helen Martinez in the amount of $15,000 in addition to her allocated damages, and for Opt-In Plaintiffs within the amended FLSA collective action definition, a minimum of $2,000, or the amount they would otherwise be due under the allocation formula, whichever is greater, inclusive of their allocated damages. Plaintiffs believe these service awards are reasonable in light of the time and effort that Named and Opt-In Plaintiffs expended in furtherance of the litigation and settlement and the risks they endured in order to vindicate their rights and the rights of absent Class Members.[2]

II. **FACTUAL BACKGROUND**

Named Plaintiffs Bailey Reynolds and Helen Martinez and Opt-In Plaintiffs have

---

[1] For a detailed account of the factual and procedural background of this case, Plaintiffs' Counsel refer the Court to the Memorandum of Law in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class and Collective Action Settlement; Approval of Settlement Administrator; and Approval of Plaintiffs' Notice of Settlement, and the supporting Declaration of Gilda Adriana Hernandez. Unless otherwise indicated, all capitalized terms have the definitions set forth in the Settlement Agreement.

[2] Pursuant to the parties' Stipulation and Settlement Agreement, Defendants do not oppose Plaintiffs' requests for service awards in these amounts. Thus, for purposes of the instant motion, Defendants take no position as to the propriety of any such awards. Plaintiffs acknowledge, however, that this does not necessarily mean Defendants would agree to Plaintiffs' request absent the parties' Stipulation and Settlement Agreement.

made important contributions to the prosecution and fair resolution of this action on behalf of Class Members. *See* Decl. of Gilda Adriana Hernandez in Support of Plaintiffs' Unopposed Motions for Preliminary Approval of Class and Collective Action Settlement; Approval of Settlement Administrator; Approval of Plaintiffs' Notice of Settlement; Approval of Attorneys' Fees and Reimbursement of Expenses and Approval of Service Awards ("Hernandez Decl.") ¶¶ 44-48. They assisted Class Counsel's investigation and prosecution of the claims by providing detailed factual information regarding their job duties, job locations, compensation, and Defendants' recordkeeping and compensation practices, and other information relevant to the claims. *Id*. at 45. Named and Opt-In Plaintiffs provided extensive information and in some cases, declarations in support of Plaintiffs' Motion for Conditional Certification. Named Plaintiffs Bailey Reynolds and Helen Martinez also reviewed extensive documents produced during the mediation process and discussed various aspects of the case as needed. *Id.* at 46. Overall, their involvement in the case was instrumental to Class Counsel's ability to prosecute these claims, and without their hard work, effort, and risks taken, the parties may not have been able to reach a settlement agreement at this stage.

The proposed Notice that will be sent to Class Members will inform them of the service awards that Plaintiffs request:

> Plaintiffs Bailey Reynolds and Helen Martinez will ask the Court to approve payment of $20,000 and $15,000 respectively for themselves, in addition to their regular settlement payment for their roles as named plaintiffs prosecuting this lawsuit on behalf of all Class Members and for the broader release they will provide. In addition, Plaintiffs have requested the Court to permit Opt-In Plaintiffs who previously submitted a written consent form requesting to join the FLSA collective action in this case to

2

> receive a minimum settlement payment of $2,000 in recognition of their support in prosecuting this case. The Court has not yet ruled on whether it will award these amounts. The Court may deny these requests or award less than these amounts. The Court will make a determination on the reasonableness of these requests at a later date.

*See* Dkt. 53-1.

### III. ARGUMENT

  A. <u>The Requested Service Awards Are Reasonable and Should Be Approved.</u>

The service awards requested for the Named and Opt-In Plaintiffs are reasonable given the significant contributions they made to advance the prosecution and resolution of the lawsuit, and the broader release that Named Plaintiffs will provide. Though courts in the Fourth Circuit have not provided clear guidance on specific factors to consider when assessing the reasonableness of a service award, courts in the Fourth Circuit acknowledge that plaintiffs play a crucial role in bringing justice to those who would otherwise be hidden from judicial scrutiny. *See, e.g., Burke v. Shapiro, Brown &Alt,* LLP, 2016 U.S. Lexis 65120, at *17 (E.D. Va. May 17, 2016) (noting the lack of factor test in the Fourth Circuit but quoting the common practice of considering "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefited from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation"); *Helmick v. Columbia Gas Transmission*, 2010 U.S. Dist. LEXIS 65808, at *8 (S.D. W. Va. July 1, 2010) ("Incentive awards are routinely approved in class actions to encourage socially beneficial litigation by compensating named plaintiffs for their expenses on travel and other incidental costs, as well as their personal time spent advancing the litigation on behalf of the class and for any personal risk they undertook."); Nantiya Ruan, *Bringing Sense to Incentive*

3

*Payments: An Examination of Incentive Payments to Named Plaintiffs in Employment Discrimination Class Actions*, 10 Emp. Rts. & Emp. Pol'y J. 395 (2006). Because of the importance plaintiffs bring to class actions, "an incentive award is appropriate . . . to induce an individual to participate in the suit." *See Singleton v. Domino's Pizza, LLC*, 976 F. Supp. 2d 665, 690 (D. Md. 2013). Therefore, "[a]t the conclusion of a successful class action case, it is common for courts, exercising their discretion, to award special compensation to the class representatives in recognition of the time and effort they have invested for the benefit of the class." *Smith v. Krispy Kreme Doughnut Corp.*, 2007 WL 119157, at *4 (M.D.N.C. 2007). Service awards fulfill the important purpose of compensating plaintiffs for the time they spend and the risks they take. *See Kirkpatrick v. Cardinal Innovations Healthcare Sols.*, No. 1:16-CV-01088, 2018 WL 6718948, at *5 (M.D.N.C. Dec. 18, 2018) ("Service payments for named [p]laintiffs 'compensate [p]laintiffs for their additional efforts, risks, and hardships they have undertaken as class representatives on behalf of the group in filing and prosecuting the action.'"); *Leigh v. Bottling Grp., LLC*, 2012 U.S. Dist. LEXIS 17016, at *20 (D. Md. Feb. 10, 2012) ("[T]he policy underlying the FLSA – namely, 'to protect certain groups of the population from substandard wages and excessive hours which endangered the national health and well-being and the free flow of goods in interstate commerce,' would appear to be served by providing a modest incentive to plaintiffs who take such initiative and assume such risk.") (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)); *Archbold v. Wells Fargo Bank, N.A.*, 2015 U.S. Dist. LEXIS 92855, at *14 (S.D. W. Va. July 13, 2015) (acknowledging "[h]ad the Plaintiff not stepped forward to prosecute these claims, the rest of the class would have received nothing"); *Hoffman v. First*

4

*Student, Inc.*, 2010 U.S. Dist. LEXIS 27329, at *11 (D. Md. Mar. 23, 2010) (assessing, in an FLSA collective/class action, "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation," when determining whether a service award is warranted).

Courts in the Fourth Circuit frequently approve service awards in wage and hour class and collective actions. *See, e.g.*, *Helmick v. Columbia Gas Transmission*, No. CIV.A.2:07-CV-00743, 2010 WL 2671506, at *3 (S.D.W. Va. July 1, 2010) (approving $50,000 service award in a settlement of $450,000); *Kirkpatrick*, 2018 WL 6718948, at 6 (approving $10,000 service award in FLSA action); *DeWitt v. Darlington Cty.*, 2013 U.S. Dist. LEXIS 172624, at *39-40 (D.S.C. Dec. 6, 2013) (listing FLSA cases granting service awards and referring to such awards as "very common"); *Leigh*, 2012 U.S. Dist. LEXIS 17016, at *24 (approving a $9,000 service award in a wage and hour action); *Faile v. Lancaster Cty.*, 2012 U.S. Dist. LEXIS 189610, at *43 (D.S.C. Mar. 8, 2012) (granting $67,500 in service awards among several plaintiffs, where the average service award equaled $9,600); *Hatzey v. Divurgent, LLC*, No. 2:18-CV-191, 2018 WL 5624300, at *1 (E.D. Va. Oct. 9, 2018), *report and recommendation adopted sub nom. Hatzey v. Divurgent, LLC.*, No. 2:18CV191, 2018 WL 5621967 (E.D. Va. Oct. 30, 2018) (approving $10,000 service award for named plaintiff); *McLaurin v. Prestage Foods, Inc.*, No. 7:09-CV-100-BR, 2012 WL 12910993, at *2 (E.D.N.C. Feb. 3, 2012) (granting service awards of $10,000 and $5,000). In examining the reasonableness of a requested service award, courts consider: (1) the personal risk incurred by the named plaintiffs; (2) the time and effort expended by

5

the named plaintiffs in assisting the prosecution of the litigation; and (3) the percentage of the gross service awards to the ultimate recovery. *See Edelen*, 2013 U.S. Dist. LEXIS 102373, at *45-47; *DeWitt*, 2013 U.S. Dist. 172624, at *38-41; *Hoffman*, 2010 U.S. Dist. LEXIS 27329, at *10.

      B.      <u>The Plaintiffs Assumed Significant Risks.</u>

In assessing the reasonableness of service awards, courts consider the risks that the class representatives assumed in serving the interests of the class. *See Kruger v. Novant Health, Inc.*, 2016 WL 6769066, at *6 (M.D.N.C. Sept. 29, 2016) ("Moreover, this award is appropriate given the reputational risk in bringing an action against a prominent company in [plaintiffs'] community."); *Leigh*, 2012 U.S. Dist. LEXIS 17016, at *23 (stating that service awards incentivize risk); *Helmick*, 2010 U.S. Dist. LEXIS 65808, at *8 (providing that service awards compensate for risks incurred); *Muhammad v. Nat'l City Mortg., Inc.*, 2008 U.S. Dist. LEXIS 103534, at *25 (S.D. W. Va. Dec. 19, 2008) (same).

Even where there is not a record of actual retaliation, plaintiffs merit recognition for assuming the risk of retaliation for the sake of absent class members. *See Dellinger v. Sci. Applications Int'l Corp.*, 649 F.3d 226, 233 (4th Cir. 2011) (explaining that FLSA litigants "often need references from past employers, they may face retaliation from new employers who learn they have challenged the labor practices of previous employers, and they sometimes must return to past employers for a variety of reasons, putting them once more at risk of retaliation") (citing *Darveau v. Detecon, Inc.*, 515 F.3d 334, 342-43 (4th Cir. 2008)); *Graniteville Co. (Sibley Div.) v. EEOC*, 438 F.2d 32, 39 n.6 (4th Cir. 1971)

6

(discussing risk of retaliation as a reason employees may be hesitant to bring action against employers); *Ware v. AUS, Inc.*, 2017 U.S. Dist. LEXIS 56495, at *7 (D. Md. Apr. 13, 2017) (analyzing FLSA case where two workers did not want to be identified out of fear of retaliation); *Doe v. New Ritz, Inc.*, 2016 U.S. Dist. LEXIS 14159, at *7 (D. Md. Feb. 5, 2016) (permitting use of a pseudonym in an FLSA action due to risks of retaliation); *Irvine*, 204 F. Supp. 3d at 851 (approving service awards where the plaintiffs "initially came forward with these claims, potentially placing their careers in food and beverage service at risk. Without their actions, this settlement may not have been achieved."); *Rehberg v. Flowers Baking Co. of Jamestown, LLC*, 2015 U.S. Dist. LEXIS 36929, at *35 (W.D.N.C. Mar. 23, 2015) (explaining that, in granting class certification, the court was allowing class members to seek relief where they might otherwise be unable to because of fear of retaliation); *Bowersox v. Ga.-Pac. Corp.*, 1976 U.S. Dist. LEXIS 17091, at *55-56 (D. Md. Jan. 20, 1976) (discussing risks involved with bringing employment class action suit, including harassment and termination).

Although the Named Plaintiffs and the majority of the Opt-In Plaintiffs were not employed by Defendants when they pursued the lawsuit, they risked retaliation from their current employers and put their ability to secure future employment at risk, due to the potential for a bad reference from Fidelity. *See Dellinger*, 649 F.3d at 233 (detailing the prospective repercussions employees may face for pursuing an action against a former employer); *Darveau*, 515 F.3d at 342-43 (same); *Irvine*, 204 F. Supp. 3d at 851 (stating that, in bringing an action, employees were risking their careers in an entire industry); *Guippone v. BH S&B Holdings, LLC*, 2011 U.S. Dist. LEXIS 126026, at *20 (S.D.N.Y.

Oct. 28, 2011) ("Today, the fact that a plaintiff has filed a federal lawsuit is searchable on the internet and may become known to prospective employers when evaluating the person."). Several of the Opt-In Plaintiffs remain employed by Defendants, rendering their actions in pursuing this lawsuit particularly risky. These risks – or, at least, the perception of a risk – justify the requested service awards, which provide an incentive to seek enforcement of the law despite these dangers. *See Leigh*, 2012 U.S. Dist. LEXIS 17016, at *23.

      C.      <u>The Plaintiffs Expended Significant Time and Effort.</u>

Plaintiffs contend the Court should grant the requested service awards based on the significant work that the Named and Opt-In Plaintiffs performed as part of the litigation of this case. Courts recognize the important factual knowledge that plaintiffs bring to employment class actions, including information about employer policies and practices that affect wages. *See Kirkpatrick*, 2018 WL 6718948, at *6 (noting that "without Kirkpatrick putting her name on the lawsuit and her assistance, 'it is unlikely that any recovery [to the collective] would have been as beneficial to the group.'"); *Irvine*, 204 F. Supp. at 851 (stating that if the plaintiffs did not come forward and participate in the litigation, the settlement may not have been achieved); *Singleton*, 976 F. Supp. 2d at 690 (D. Md. 2013) (referring to plaintiff-employees in a class action as an "essential ingredient," necessitating service awards to incentivize such suits).

As discussed above, the Named and Opt-In Plaintiffs contributed significant time and efforts to the case. They provided detailed factual information regarding their job

duties, Defendants' policies, and other information relevant to the claims. Hernandez Decl. ¶¶ 44-47. The two Named Plaintiffs and Opt-In Plaintiffs provided information on an as-needed basis and several of them provided declarations in support of Plaintiffs' Motion for Conditional Certification.

Here, Plaintiffs seek an award of $20,000 and $15,000 for Named Plaintiffs Bailey Reynolds and Helen Martinez respectively for their continued support throughout the investigation, litigation, and mediation of this action and for the broader release they will provide. Moreover, Ms. Reynolds raised an FMLA claim not raised by anyone else, and that claim is also encompassed by the release she will provide under this settlement. Specifically, they provided extensive information about the nature of Defendants' pre-shift activities, the amount of time engaged in such activities, in addition to, policies and practices relating to timekeeping, bonuses and fitness reimbursements. Furthermore, they provided documents and a declaration, to support the same and Plaintiffs' motion for conditional certification. Finally, during the investigative phase of this matter, litigation and prior to/following mediation, Plaintiff Reynolds met with Class counsel several times, to bring and review documents. As to Ms. Martinez, while she was unavailable personally, she always made herself available telephonically, (i.e., weeknights, weekends, and even during the day), as she understood the significance of her contributions, to the success of this case. Similarly, Opt-In Plaintiffs who previously submitted a written consent form requesting to join the FLSA collective action in this case should receive a minimum settlement payment of $2,000 in recognition of their support in prosecuting this case, to explain the policies and practices while employed at Defendants' various call centers.

9

These service awards reflect the significant contributions they made to the case and the time and effort spent in producing, coordinating, and reviewing documents and.

The time and effort expended by plaintiffs is commonly considered in making service awards. *See Irvine*, 204 F. Supp. at 851 (granting service awards where the plaintiffs participated in depositions and written discovery, and without their actions, settlement may not have been achieved); *Smith v. Res-Care, Inc.*, 2015 U.S. Dist. LEXIS 145266, at *30 (S.D. W. Va. Oct. 27, 2015) (awarding a service award where the plaintiff made "contributions and sacrifices for [the] class action"); *Savani v. URS Prof'l Sols. LLC*, 121 F. Supp. 3d 564, 577 (D.S.C. 2015) (approving a service award where the plaintiff "demonstrate[d] significant time and effort expended"); *Ruffin*, 2013 U.S. Dist. LEXIS 196238, at *6 (granting a service award for the plaintiff's efforts in the litigation); *Deem v. Ames True Temper, Inc.*, 2013 U.S. Dist. LEXIS 72981, at *18 (S.D. W. Va. May 22, 2013) (finding service awards "justified and appropriate" where the plaintiffs' "involvement exceeded that which one typically sees with class representatives"); *Temp. Servs. v. Am. Int'l Grp., Inc.*, 2012 U.S. Dist. LEXIS 131201, at *16 (D.S.C. Sep. 14, 2012) ("At the conclusion of a successful class action case, it is common for courts exercising their discretion, to award special compensation to the class representative in recognition of the time and effort they have invested for the benefit of the class.").

D. <u>The Ultimate Recovery Supports the Requested Service Awards.</u>

The requested service awards for the Named Plaintiffs amount to just slightly over 1% of the total recovery, which Plaintiffs believe is a reasonable and modest percentage in

10

Case 1:18-cv-00423-CCE-LPA   Document 57   Filed 02/22/19   Page 14 of 20

the Fourth Circuit. *See, e.g.*, *Irvine*, 204 F. Supp. 3d at 848 (approving service awards that amounted to 6.59% of the gross settlement amount); *DeWitt*, 2013 U.S. Dist. LEXIS 172624, at *40 (approving service awards that amounted to 3.33% of the gross settlement amount); *Faile*, 2012 U.S. Dist. LEXIS 189610, at *42 (approving service awards that amounted to 4.5% of the gross settlement amount); *Leigh*, 2012 U.S. Dist. LEXIS 17016, at *4 (approving a service award that amounted to 1.5% of the gross settlement amount); *Kirkpatrick,* 2018 WL 6718948, at *5 (approving a service award that amounted to 1.3% of the gross settlement amount); *Helmick*, 2010 U.S. Dist. LEXIS 65808, at *6 (approving a service award that amounted to 11.1% of the gross settlement amount); *Newbanks v. Cellular Sales of Knoxville, Inc.*, No. CV 3:12-1420-CMC, 2015 WL 12843763, at *7 (D.S.C. Feb. 4, 2015) (approving service awards totaling 2.9% of the gross settlement amount).

Courts within the Fourth Circuit have approved service awards equal to or greater than the awards requested here. *See, e.g., Beasley v. Custom Communs, Inc.*, 2017 U.S. Dist. LEXIS 219975, at *9 (E.D.N.C. Oct. 24, 2017) (approving $15,000 service awards each for the named plaintiff and opt-in plaintiff); *DeWitt*, 2013 U.S. Dist. LEXIS 172624, at *39-40 (listing FLSA cases with up to $20,000 in granted service awards, and referring to such awards as "very common"); *Faile*, 2012 U.S. Dist. LEXIS 189610, at *43 (granting $67,500 in service awards among several plaintiffs in an FLSA action); *Helmick v. Columbia Gas Transmission*, No. CIV.A.2:07-CV-00743, 2010 WL 2671506, at *3 (approving $50,000 service award in a settlement of $450,000); *Kay Co. v. Equitable Prod. Co.*, 749 F. Supp. 2d 455, 468 (S.D. W. Va. 2010) (granting $15,000 personal service

11

awards for each of the six Named Plaintiffs initiating suit and participating in discovery); *Smith v. Krispy Kreme Doughnut Corp.*, 2007 WL 119157, at *4 (granting service awards of $15,000 each to two class representatives); *Kruger*, 2016 WL 6769066, at *6 (granting service awards of $25,000 each to seven plaintiffs);

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court approve Service Awards for Named Plaintiff Bailey Reynolds in the amount of $20,000, for Named Plaintiff Helen Martinez in the amount of $15,000, and for Opt-In Plaintiffs who previously submitted a written consent form requesting to join the FLSA collective action in this case to receive a minimum settlement payment of $2,000 in recognition of the services they rendered on behalf of the class, should the parties' proposed settlement receive final approval and become effective.

Dated: February 22, 2019.

Respectfully submitted,

BY: /s/ *Gilda Adriana Hernandez*
Gilda A. Hernandez (NCSB # 36812)
**THE LAW OFFICES OF GILDA A. HERNANDEZ, PLLC**
1020 Southhill Drive, Suite 130
Cary, NC 27513
Telephone: (919) 741-8693
Facsimile: (919) 869-1853
ghernandez@gildahernandezlaw.com

Christine E. Webber (#439368), *pro hac vice*
**COHEN MILSTEIN SELLERS & TOLL, PLLC**
1100 New York Avenue, Suite 500 West
Washington, DC 20005

12

Tel: (202) 408-4600
Fax: (202) 408-4699
cwebber@cohenmilstein.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF WORD COUNT

I hereby certify that the foregoing complies with Local Rule 7.3(D)(1), as it contains 3,342 words, excluding parts of the memorandum that are exempted by LR 7.3(D)(1).

I certify that the foregoing is true and accurate.

Dated: February 22, 2019

*/s/ Gilda A. Hernandez*
Gilda A. Hernandez (NCSB No. 36812)

# CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2019, I electronically filed the foregoing true and accurate copy of **PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF SERVICE AWARDS** with the Court using the CM/ECF system, and I hereby certify that I have thereby electronically served the document to the following:

Richard G. Rosenblatt (*pro hac vice*)
August W. Heckman III (*pro hac vice*)
**MORGAN, LEWIS BOCKIUS LLP**
502 CARNEGIE CENTER
PRINCETON, NJ 08540-6289
TELEPHONE: (609) 919-6600
FACSIMILE: (609) 919-6701
EMAIL: richard.rosenblatt@morganlewis.com
august.heckman@morganlewis.com

Kevin Scott Joyner
Regina W. Calabro

Robert A. Star
**OGLETREE DEAKINS NASH SMOAK & STEWART, P.C.**
4208 SIX FORKS ROAD, SUITE 1100
RALEIGH, NC 27609
TELEPHONE: (919) 787-9700
FACSIMILE: (919) 783-9412
EMAIL: kevin.joyner@ogletreedeakins.com

regina.calabro@ogletreedeakins.com
robert.sar@ogletreedeakins.com

*Attorneys for Defendants*

    Respectfully submitted,

    /s/ *Gilda Adriana Hernandez*
    Gilda A. Hernandez (NCSB # 36812)
    **THE LAW OFFICES OF GILDA A. HERNANDEZ, PLLC**
    1020 Southhill Drive, Suite 130

Cary, NC 27513
Telephone: (919) 741-8693
Facsimile: (919) 869-1853
ghernandez@gildahernandezlaw.com

Christine E. Webber (#439368), *pro hac vice*
**COHEN MILSTEIN SELLERS & TOLL, PLLC**
1100 New York Avenue, Suite 500 West
Washington, DC 20005
Tel: (202) 408-4600
Fax: (202) 408-4699
cwebber@cohenmilstein.com

*Attorneys for Plaintiffs*