IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BAILEY REYNOLDS and HELEN )
MARTINEZ on behalf of themselves and )
all others similarly situated, )
 )
    *Plaintiffs,* )
 )
    v. )   1:18-CV-423
 )
FIDELITY INVESTMENTS )
INSTITUTIONAL OPERATIONS )
COMPANY, INC., FMR LLC, FIDELITY )
BROKERAGE SERVICES LLC, )
FIDELITY WORKPLACE INVESTING )
LLC, and VERITUDE LLC, )
 )
    *Defendants.* )

**ORDER**

  Plaintiffs Bailey Reynolds and Helen Martinez and Defendants Fidelity Investments Institutional Operations Company, Inc., FMR LLC, Fidelity Brokerage Services LLC, Fidelity Workplace Investing LLC, and Veritude LLC have entered into a Revised Settlement Agreement of Class and Collective Action and Release of Claims, Doc. 64-1, which is intended to resolve claims asserted in this action by the plaintiffs. The parties ask the Court to grant preliminary approval to the settlement agreement, to order provisional certification for two Rule 23 settlement classes and the FLSA collective action, to appoint plaintiffs' counsel as class counsel, to approve RG2 as the settlement's administrator, and to approve the proposed notice of settlement. Doc. 52.

  The Court has reviewed the motion and materials in support, the original and revised settlement agreements, and the supplemental materials, and it conducted a

telephone conference with counsel on March 29, 2019, to clarify certain points. The supplemental filings and revised agreement adequately address the Court's initial concerns. The Court will therefore grant the motion for preliminary settlement, provisional certification, appointment of class counsel and the settlement administrator, and proposed notice.

For the reasons that follow, the motion for preliminary approval, provisional certification of the settlement classes and collective action, appointment of class counsel, approval of the settlement administrator, and approval of plaintiffs' notice of settlement, Doc. 52, is **GRANTED** with modifications to the proposed notice and settlement website as set forth below. The Court **FINDS** and **ORDERS** that:

1. Capitalized terms used in this Order have the meanings assigned to them in the Revised Settlement Agreement and this Order.

2. The Court has jurisdiction over the subject matter of this action, including the claims asserted, Plaintiffs, the members of the proposed FLSA Collective ("Settlement Collective Action") and proposed Rule 23 Settlement Classes ("Settlement Classes"), Defendants, and the implementation and administration of the Revised Settlement Agreement.

*The proposed settlement agreement*

3. The Court finds that the proposed settlement is within the range of possible approval as a fair, reasonable, and adequate settlement of claims, and that there is probable cause to notify the classes of the proposed settlement. *See* Fed. R. Civ. P. 23(e)(2); *Sharp Farms v. Speaks*, 917 F.3d 276, 299 (4th Cir. 2019); *Horton v. Merrill*

2

Case 1:18-cv-00423-CCE-LPA   Document 65   Filed 04/10/19   Page 2 of 19

*Lynch, Pierce, Fenner & Smith, Inc.*, 855 F. Supp. 825, 827 (E.D.N.C. 1994). Specifically, the Court finds that:

> a. The proposed settlement was negotiated at arm's length;
>
> b. The consideration provided to class members is sufficient; and
>
> c. The parties have provided the Court with information sufficient to enable it to determine whether to give notice of the proposal to the class. *See* Fed. R. Civ. P. 23(e)(1)(A).

4. The Court also finds that the settlement appears to be a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions. *See Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 407–08 (D. Md. 2014).

5. Accordingly, the Court will grant preliminary approval to the Revised Settlement Agreement, Doc. 64-1.

*Provision class certification and appointment of class counsel*

6. The Court finds that the putative FLSA collective action, as defined in the Revised Settlement Agreement, Doc. 64-1 at p. 10 ¶ 25, includes members who are similarly situated to the Named Plaintiffs. *See* 29 U.S.C. § 216(b); *Hall v. Higher One Machines, Inc.*, No. 5-15-CV-670-F, 2016 WL 5416582, at *4 (E.D.N.C. Sept. 26, 2016).

7. Accordingly, the Court hereby conditionally certifies the following Settlement Collective Action pursuant to 29 U.S.C. § 216(b) of the FLSA, for settlement purposes only, in accordance with the terms of the Revised Settlement Agreement:

all non-exempt employees of Fidelity Workplace Investing LLC, Fidelity Investments Institutional Operations Company, Inc., FMR LLC, Fidelity Brokerage Services LLC or Veritude LLC who (1) worked at least 40 hours in one full workweek between August 7, 2015 and December 31, 2018, (2) for the Workplace Investing Business Group, (3) primarily interacting telephonically or on-line with customers, and (4) utilizing the Aspect or Genesys phone systems.

8. The Court finds that Named Plaintiff Bailey Reynolds is a member of the proposed North Carolina Rule 23 class, the "NCHWA Class," Doc. 64-1 at pp. 9–10 ¶ 24(a), and that the members of this proposed class are readily identifiable and ascertainable. *See* Fed. R. Civ. P. 23(a); *EQT Prod. Co. v. Adair*, 764 F.3d 347, 358 (4th Cir. 2014).

9. The Court finds that the proposed "NCWHA class," qualifies as a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure as its members have common questions of law and fact that predominate over any questions affecting only individual members and the class is superior to other available methods for fairly and efficiently adjudicating the controversy. This class also satisfies the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a).

10. The Court finds that Named Plaintiff Helen Martinez is a member of the proposed New Mexico Rule 23 class, the "NMHWA Class," Doc. 64-1 at p. 10 ¶ 24(b), and that the members of this proposed class are readily identifiable and ascertainable. *See* Fed. R. Civ. P. 23(a); *EQT Prod. Co.*, 764 F.3d at 358.

11. The Court finds that the proposed "NMWHA class" qualifies as a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure as its members have common questions of law and fact that predominate over any questions affecting only

individual members and the class is superior to other available methods for fairly and efficiently adjudicating the controversy. This class also satisfies the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a).

12. The Court has reviewed the Revised Settlement Agreement as a fiduciary of the class members and has found no indication of collusive conduct between the parties; the provision in the release of claims that explicitly allows class members to still recover damages in the parallel matter *Morris v. Fidelity Inv.,* No. 3:17-cv-06027 (N.D. Cal. Oct. 20, 2017), s*ee* Doc. 64-1 at 36–37, indicates that this settlement of claims will not adversely impact class members who are also class members in this parallel matter. *Sharp Farms v. Speaks*, 917 F.3d 276, 302 (4th Cir. 2019).

13. Accordingly, the Court hereby conditionally certifies the following Settlement Classes pursuant to Rule 23 for settlement purposes only in accordance with the terms of the Revised Settlement Agreement:

> a. "NCHWA Class," which corresponds to Plaintiffs' NCWHA Rule 23 class claims, means all non-exempt employees of Fidelity Workplace Investing LLC, Fidelity Investments Institutional Operations Company, Inc., FMR LLC, Fidelity Brokerage Services LLC, or Veritude LLC who (1) worked in the Durham, North Carolina call center between May 17, 2016 and December 31, 2018, (2) for the Workplace Investing Business Group, (3) primarily interacting telephonically or on-line with customers, and (b) utilizing the Aspect or Genesys phone systems; and

5

b. "NMWHA Class," which corresponds to Plaintiffs' NMWHA Rule 23 class claims, means all non-exempt employees of Fidelity Workplace Investing LLC, Fidelity Investments Institutional Operations Company, Inc., FMR LLC., Fidelity Brokerage Services LLC, or Veritude LLC who (1) worked at least 40 hours in one full workweek in the Albuquerque, New Mexico call center between May 17, 2016 and December 31, 2018, (2) for the Workplace Investing Business Group, (3) primarily interacting telephonically or on-line with customers, and (4) utilizing the Aspect or Genesys phone systems.

6. For the purpose of settlement only, the Court further finds that Plaintiffs' Counsel are adequate to serve as Class Counsel and conditionally appoints Gilda A. Hernandez of the Law Offices of Gilda A. Hernandez, PLLC, and Christine E. Webber of Cohen Milstein Sellers & Toll, PLLC, as Class Counsel for the Settlement Classes. Any member of the Settlement Classes who does not exclude himself from the settlement class may, but need not, enter an appearance through his or her own attorney. Settlement Class members who do not exclude themselves from the settlement and who do not enter an appearance through their own attorneys will be represented by Class Counsel.

14. For the purposes of settlement only, the Court further finds that named Plaintiffs Bailey Reynolds and Helen Martinez are adequate Class Representatives.

*Notice to Settlement Classes, Opt-In Procedure, and Appointment of Settlement Administrator*

15. The Court approves as to form and content the Notice, Doc. 64-2, with the following modification:

   a. Under the section "How Will Lawyers Be Paid," Doc. 64-2 at 5, the notice shall be revised to reflect that plaintiffs' attorneys have already filed their motions for attorney's fees and costs.

16. The Court also approves the Reminder Postcard, Doc. 53-1 at 60–61, and Claim Form, Doc. 53-1 at 57–58.

17. The Court further approves the proposed manner and forms of sending Notice to members of the Putative Settlement Classes set forth in § IV of the Revised Settlement Agreement, and the provisions thereof are hereby incorporated into this Order so that upon entry of this Order, the Parties are directed to ensure that the Notice is disseminated according to the terms of § IV(A)(2) of the Revised Settlement Agreement.

18. Members of the Settlement Classes and Collective Action are authorized to receive a settlement payment only if they timely submit a signed Claim Form to the Settlement Administrator via U.S. Mail, fax, or email so that it is postmarked, if sent by U.S. Mail, or received, if sent by fax or email, on or before the date seventy-five (75) calendar days after the date on which the Settlement Administrator first mails the Notice and Claim Form to the members of the Settlement Classes and Settlement Collective Action, in accordance with the terms of the Revised Settlement Agreement. All members of the Settlement Classes and Settlement Collective Action who fail to comply with these requirements shall be forever barred from receiving any settlement payment

7

pursuant to the Settlement set forth in the Revised Settlement Agreement. The Claim Form shall qualify as the Consent to Join the FLSA collective action for those individuals who qualify to join the FLSA collective action but who are not members of the Settlement Classes.

19. Before the Final Approval Hearing, the Settlement Administrator shall serve and file a sworn statement attesting to compliance with the Revised Settlement Agreement.

*Requests for Exclusion from the Rule 23 Settlement Classes*

20. Members of the Putative Rule 23 Settlement Classes may request exclusion from the Rule 23 Settlement Classes and the Settlement. All written requests by members of the Settlement Classes to exclude themselves from the Settlement must be returned by First-Class U.S. Mail to the Settlement Administrator so that it is postmarked no later than seventy-five (75) calendar days after the date on which the Settlement Administrator first mails the Notice and Claim Form to the members of the Putative Settlement Classes. A written request seeking exclusion must expressly state that the class member wishes to be excluded from the Settlement. The request should state at the top of the letter "Request for Exclusion from Settlement in *Reynolds, et al. v. Fidelity Investments Institutional Operations Company, Inc., et al.*, No. 1:18-CV-423-CCE-LPA," and should include the name, address, telephone number, and signature of the individual requesting exclusion from the Settlement.

21. If the Settlement receives final approval, any member of the Settlement Classes who did not properly and timely request exclusion shall be bound by all the terms

and provisions of the Revised Settlement Agreement, the final approval order, the final judgment, and the releases set forth therein, and will be deemed to have waived all objections and opposition to the fairness, reasonableness, and adequacy of the Settlement, whether or not such person objected to the Settlement and whether or not such person made a claim upon, or participated in, the Settlement. All members of the Settlement Classes who do not timely and validly request to be excluded would be enjoined from proceeding against the Defendants for the claims made in the Complaint.

22. All members of the Settlement Classes who submit valid and timely notices of their intent to be excluded from the Settlement Classes: (i) shall not have any rights under the Revised Settlement Agreement; (ii) shall not be entitled to receive a settlement payment; and (iii) shall not be bound by the Revised Settlement Agreement, any final approval order, or the final judgment.

*Objections to the Settlement*

23. Consistent with the Revised Settlement Agreement, members of the Settlement Classes who have not requested exclusion and wish to object to the settlement must file a written objection with the U.S. District Court for the Middle District of North Carolina setting forth the nature of his or her objection, and the arguments supporting the objection, and serve copies of the objection to Class Counsel and Defense Counsel. Any objections must be filed and served no later than seventy-five (75) calendar days after the date on which the Settlement Administrator first mails the Notice and Claim Form to the members of the Putative Settlement Classes. To the extent that any objection is filed in advance of the Final Approval Hearing, the Parties

9

may file a written response to the objection as time permits. Unless otherwise permitted by the Court, objecting Settlement Class Members shall not be entitled to speak at the hearing on the Final Approval Date unless they have timely filed and served a written objection. Any Settlement Class Member who has properly and timely submitted objections may appear at the Final Approval Date hearing, either in person or through a lawyer retained at their own expense. Any Settlement Class Members who fail to file and serve a timely written objection shall be deemed to have waived any objection and shall be foreclosed from objecting to this Settlement.

*Approval and Appointment of Settlement Administrator*

24. The Court approves and appoints RG2 Claims Administration LLC ("RG2") to serve as the neutral, third-party Settlement Administrator in accordance with the terms of the Revised Settlement Agreement and this Order. The Court **HEREBY ORDERS** and **AUTHORIZES** RG2 to perform the following administrative duties:

25. <u>Notice</u>. First, the Court ORDERS RG2 to issue the approved Notice (as modified by this Order), Claim Form, and postage pre-paid return envelope to all members of the Settlement Classes and Settlement Collective Action, as defined above. To that end, RG2 shall:

    a. Accept receipt of information regarding the Named and Opt-In Plaintiffs and members of the Settlement Classes and Settlement Collective Action (as described in § IV(A)(1) of the Revised Settlement Agreement) and shall keep that information confidential in accordance with the terms of § IV(A)(1) of the Revised Settlement Agreement;

10

b. Update the provided addresses for all members of the Settlement Classes and Settlement Collective Action using the National Change of Address database in accordance with the terms of § IV(A)(1) of the Revised Settlement Agreement;

c. Ensure the total cost is consistent with RG2's quoted cost for services and expenses in connection with the administration of the settlement prior to the mailing of the Settlement Notice, in accordance with the terms of § IV(D)(5) of the Revised Settlement Agreement;

d. Calculate the amount of the individual Settlement Payments in accordance with the terms of § III(C)(1)–(2) of the Revised Settlement Agreement;

e. Prepare, format, print, and disseminate by First-Class U.S. Mail the Notice (as modified by this Order) and Claim Form approved by the Court, together with a pre-addressed, postage-paid return envelope, and follow-up on any undeliverable Notices and Claim Forms with a skip trace in accordance with the terms of § IV(A)(2) of the Revised Settlement Agreement; and

f. Resend the approved Notice and Claim Form where appropriate in accordance with the terms of § IV(A)(2) of the Revised Settlement Agreement.

26. <u>Settlement website</u>. In addition to mailing the Notice of Settlement, the Settlement Administrator shall maintain a password protected website from the date that

the Notice of Settlement is mailed until at least 75 calendar days following the date of the final fairness hearing. This website shall:

    a. provide a brief summary of who is to receive the Notice of Settlement and the purpose of the Notice of Settlement;

    b. provide members of the Settlement Classes and Settlement Collective Action with access to downloadable copies of the Notice of Settlement, Doc. 64-2 (as modified by this Order), Revised Settlement Agreement, Doc. 64-1, and the required claim form, Doc. 53-1 at 57–58, they are required to submit to receive a Settlement Payment;

    c. provide copies of all substantive pleadings in this matter, including the Second Amended Complaint, Doc. 62, filings relevant to settlement approval, attorney's fees and costs, and service awards, Docs. 52 – 59, and supplemental briefing. Doc. 64.

    d. provide a mechanism for members of the Settlement Classes and Settlement Collective Action to submit their required claim form with an electronic signature;

    e. provide answers to "frequently asked questions" using language agreed to between the parties; and

    f. contact information for the Settlement Administrator.

27. The parties shall agree as to the URL for the Settlement Administrator's website, as well as the specific language and formatting of that website, before it is operational.

28. <u>Reminder notice</u>.  Thirty-Seven (37) days after the initial mailing of the Notice and Claim Form, send by First Class Mail the short "Reminder Notice" postcard approved by the Court to all members of the Settlement Classes or Settlement Collective Action who have not yet submitted a Claim Form in accordance with the terms of § IV(A)(2) of the Revised Settlement Agreement.  The Settlement Administrator may provide replacement copies of the Notice of Settlement and claim form to members of the Settlement Classes and Settlement Collective Action via the website discussed in paragraphs 26 and 27 above, or by mail if requested by a member of the Settlement Class or Settlement Collective Action.

29. <u>Collection of forms and requests for exclusion</u>.  The Court **FURTHER ORDERS** RG2 to collect the Court-approved Claim Forms returned by members of the Settlement Classes and Settlement Collective Action, as well as to collect written requests for exclusion by members of the Rule 23 Settlement Classes.  As part of these tasks, RG2 shall:

a. Establish and maintain a P.O. Box, e-mail account, and fax number for receipt of Court-approved Claim Forms, as well as requests for exclusion and other communications from the members of the Putative Settlement Classes;

b. Follow up to obtain signed Claim Forms if any are submitted lacking the necessary signature in accordance with the terms of § IV(A)(3) of the Revised Settlement Agreement; and

c. Contact any members of the Putative Rule 23 Settlement Class who timely and properly submit both (i) a written request for exclusion, and (ii) a Claim

Form, or objections to the proposed settlement, to inform such individuals that they cannot both request exclusion from the Settlement and submit a Claim Form and/or object to the settlement and ask such individuals which option they wish to pursue.

30. Reporting. RG2 is **HEREBY ORDERED** to regularly report to the Parties, in written form, the substance of the work it performs in this matter pursuant to this Order and the Revised Settlement Agreement in accordance with the terms of § IV(D)(5) of the Revised Settlement Agreement. This shall include informing the Parties of the dates RG2 mails the Notice to members of the Putative Settlement Classes, the number of claim forms, and objections or exclusion requests received.

31. The Settlement Administrator shall provide to counsel for both parties, within 100 days of the mailing of the Notice of Settlement a declaration from an appropriate agent or agents working for it, stating under penalty of perjury: (a) the names and addresses of all individuals to whom the Settlement Administrator mailed notice of the proposed settlement; (b) whether each such individual was an Opt-in Plaintiff, member of the Settlement Collective Action, or member of a Settlement Class; (c) whether each such individual timely and properly submitted the required form to receive a Settlement Payment and, if so, the amount of that payment; and (e) the identity of all individuals who validly and timely requested exclusion from the settlement.

32. To allow the Parties and the Court to evaluate the work performed by RG2 in this matter, RG2 is also **ORDERED** to maintain records of all activities associated with its settlement administration duties pursuant to this Order and the Revised

14

Settlement Agreement, including: (i) records reflecting the dates of all mailings to members of the Settlement Classes or Settlement Collective Action; (ii) records reflecting the dates of all materials and inquiries received in connection with the proposed settlement (whether by U.S. Mail, fax, text, e-mail, or telephone); (iii) the original mailing envelope for any returned Notice, any claim forms received, any written requests for exclusion, or any other correspondence received from members of the Settlement Classes, Settlement Collective Action, or Authorized Claimants; (iv) logs or date-stamped copies showing the dates and times of receipt of claim forms received by fax; (v) the original copies of any U.S. mail, text or email communications with any members of the Settlement Classes, Settlement Collective Action, or Authorized Claimants.

33. <u>Miscellaneous duties</u>. The Court **ORDERS** that from the mailing of the Notice, through one-hundred ninety (190) days following the final distribution of funds from the QSF to Authorized Claimants, RG2 shall establish and maintain a toll-free telephone number for inquiries from members of the Settlement Classes, Settlement Collective Action, or Authorized Claimant regarding the notice and distribution process.

34. The Court **FURTHER ORDERS** that counsel for all Parties have the right to review and approve any documents to be mailed by RG2 or posted by RG2 on the website in connection with the proposed settlement prior to their mailing or posting, and RG2 may not mail or post any such documents without first receiving written approval from counsel for the Parties or direction from the Court to send such documents.

35. RG2 is **FURTHER ORDERED** to take reasonable steps to protect the disclosure of any and all personal information concerning members of the Settlement Classes or Settlement Collective Action provided to RG2 by counsel for the Parties, including but not limited to members of the Settlement Classes or Settlement Collective Action personal information provided pursuant to § IV(A)(1) of the Revised Settlement Agreement. This includes maintaining reasonable administrative, physical, and technical controls in order to avoid public disclosure of any such information and to protect the confidentiality, security, integrity, and availability of such personal data in accordance with the terms of § IV(A)(1) of the Revised Settlement Agreement.

36. Finally, RG2 is **ORDERED** to perform whatever additional tasks that are agreed to by all Parties, and which are reasonably necessary to effectuate the issuance of the Court-authorized Notice, to collect and track the Claim Forms submitted by Authorized Claimants, and requests for exclusion from those Settlement Class members who wish to exclude themselves from the proposed settlement, and, if it is later granted final approval, to distribute funds associated with the settlement in accordance with the terms of the Revised Settlement Agreement.

*The Final Approval Hearing*

37. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court will hold a hearing to determine whether the Revised Settlement Agreement and its terms are fair, reasonable and in the best interests of the members of the Settlement Classes, and whether a final judgment as to Plaintiffs' claims as provided in the Revised

Settlement Agreement should be entered granting final approval of the Settlement (the "Final Approval Hearing").

38.    At the Final Approval Hearing, the Court shall also determine whether, and in what amount, attorney's fees, costs, and expenses should be awarded to Class Counsel, and whether, and in what amount, service awards should be made to Plaintiffs.

39.    The Final Approval Hearing is hereby scheduled to be held before this Court on the 21st day of August, 2019, at 9:30 A.M. in Courtroom 3 of the United States District Court, 324 W. Market St., Greensboro, NC 27401.

40.    The date and time of the Final Approval Hearing shall be set forth in the Notice, but the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the members of the Settlement Classes Settlement Collective Action, or Authorized Claimants other than that which may be posted by the Court.

41.    Only members of the Settlement Classes who have filed and served timely notices of objection in accordance with the terms of § IV(A)(3) of the Revised Settlement Agreement and this Order shall be entitled to be heard at the Final Approval Hearing. Any member of the Settlement Classes who does not timely file and serve an objection in writing to the Settlement Administrator, within 75 calendar days after the mailing date of the Notice of Settlement, prior to entry of Final Judgment, or to Class Counsel's application for fees, costs, and expenses or to service awards, in accordance with the procedure set forth in the Notice and mandated in this Order, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise.

*Other Provisions*

17

Case 1:18-cv-00423-CCE-LPA   Document 65   Filed 04/10/19   Page 17 of 19

42. Each and every time period and provision of the Revised Settlement Agreement shall be deemed incorporated herein as if expressly set forth and shall have the full force and effect of an Order of this Court.

43. The costs of settlement administration shall be paid as set forth in § IV(D)(5) of the Revised Settlement Agreement.

44. Certification of the Settlement Classes and Settlement Collective Action is a conditional certification for settlement purposes only. If the Revised Settlement Agreement is terminated pursuant to the terms of the Revised Settlement Agreement, or this Court does not grant final approval of the Revised Settlement Agreement, or the Settlement is not consummated or fails to become effective for any reason whatsoever, the conditional certification of the Settlement Classes and Settlement Collective Action shall automatically be cancelled and shall be void, any collective or class actions certified solely for purposes of the Settlement shall be decertified pursuant to the terms of § IV(E)(3) of the Revised Settlement Agreement, and the Defendants shall have reserved all of their rights to challenge the propriety of collective action certification or class action certification for any purpose, including the opposition to any and all class or collective certification motions in this action, to contest the adequacy of any Plaintiffs as representatives of the Settlement Classes, and to contest the adequacy of Plaintiffs' counsel as adequate Class Counsel.

45. Plaintiffs reserve all of their rights, including the right to continue with the litigation as set forth in the Revised Settlement Agreement, should the Revised Settlement Agreement not be finally approved.

**SO ORDERED** this 10th day of April, 2019.

                                              UNITED STATES DISTRICT JUDGE