IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BAILEY REYNOLDS and HELEN MARTINEZ on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:18-CV-423 |
| FIDELITY INVESTMENTS INSTITUTIONAL OPERATIONS COMPANY, INC., FMR LLC, FIDELITY BROKERAGE SERVICES LLC, FIDELITY WORKPLACE INVESTING LLC, and VERITUDE LLC, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, District Judge.

This class and collective action arose out of the defendants' timekeeping practices in several call centers. Early in the case, the parties agreed to mediation, which led to a settlement agreement. The Court has approved the settlement by separate opinion. Class Counsel seek attorney's fees and expenses and service awards for the named plaintiffs and for certain plaintiffs who opted into the Fair Labor Standards Act settlement. The attorney's fees and expenses sought here are reasonable, and the compensation to the named and the opt-in plaintiffs is appropriate as well. The Court will grant the motion.

**I.    Background**

A detailed procedural history and a description of the settlement agreement are set forth in a separate opinion granting final approval to the settlement, issued

concomitantly with this Order. In sum, the plaintiffs contend that Fidelity failed to adequately compensate them for time worked in Fidelity's call centers, including time required to be "call ready," and incorrectly calculated appropriate overtime rates in violation of the Fair Labor Standards Act (FLSA) and North Carolina and New Mexico state wage and hour laws. Doc. 62. The named plaintiffs have asserted claims on behalf of two Rule 23 classes of individuals working in Fidelity's workplace business call centers in North Carolina (the NCWHA Class) and New Mexico (the NMWHA Class), as well as an FLSA collective action for similarly situated individuals. *Id.* at ¶¶ 7, 11, 13. After filing the complaint in May 2018, Doc. 1, the plaintiffs responded to the defendants' partial motion to dismiss, filed two amended complaints, and moved for class certification. The parties then agreed to pursue mediation and reached a settlement in December. Doc. 47. In April 2019, the Court granted preliminary approval of the settlement, provisionally certified the settlement classes and collective action, appointed class counsel, approved the settlement administrator, and approved plaintiffs' notice of the settlement with some modifications. Doc. 65.

In the settlement agreement, the defendants have agreed to pay up to $3,000,000 to the eligible class members, as well as the employer share of payroll taxes associated with any back wages. Doc. 64-1 at § II(A)(6) ("Gross Settlement Amount"). Claimants will receive their proportionate share of settlement proceeds relative to their estimated hours of unpaid work, *id.* at §§ III(C)(1), (2); plaintiffs who opted in before the agreement will receive the greater of either a $2,000 service award or their proportionate share of the settlement; and the named plaintiffs will receive their proportionate share in

2

addition to their service awards. *Id.* at §§ III(C)(3), (4). The proportionate share for class members who do not submit a claim form reverts to the defendants, *id.* at § III(B), but funds leftover from unnegotiated settlement checks will be distributed to designated *cy pres* recipients. *Id.* at § IV(D)(2).

Consistent with these provisions, the plaintiffs request court approval of service awards of $20,000 for named plaintiff Bailey Reynolds, $15,000 for named plaintiff Helen Martinez, and $2,000 for each of the members who opted into the FLSA collective action before settlement. Doc. 56. Class Counsel stated at the fairness hearing that there were fifteen to twenty of these opt-in plaintiffs. Class Counsel also request $1,000,000 in attorney's fees and $33,931.42 in litigation expenses. Doc. 54 at 2; Doc. 79 at ¶ 11. These motions have been on the docket since February 2019, and the Court ordered the settlement administrator, RG/2, to notify class members of the settlement and that Class Counsel had sought compensation from the settlement fund for these plaintiffs, attorney's fees, and costs. Doc. 65 at ¶ 25; Doc. 64-2.

The Court extended the notice period twice, once for a second reminder postcard to be sent and later so notice could be sent to inadvertently overlooked class members. Doc. 65 at ¶¶ 20, 23; Docs. 71, 73, 74. Original notice recipients were also mailed a postcard advising them of the new final approval hearing date, which was continued in light of the newly notified class members. Docs. 73, 74. The claims administrator at RG/2 confirmed that notice was mailed to all class members and published on a settlement website, with a relatively small number returned undeliverable. Doc. 78-1 at ¶¶ 6–7, 13–14, 17. Of the 5,761 identified class members, five requested to be excluded

3

from the suit and none filed objections. *Id.* at ¶¶ 12, 18, 19. The defendants have not opposed the motions for attorney's fees or expenses or for service awards.

## II. Attorney's Fees

### a. Legal Standard

Rule 23 and the FLSA both allow for the award of reasonable attorney's fees and expenses. *Hall v. Higher One Machs., Inc.*, No. 5-15-CV-670-F, 2016 WL 5416582, at *7 (E.D.N.C. Sept. 26, 2016). Rule 23(h) provides in relevant part that "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). The FLSA contains a fee-shifting provision: the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

The Fourth Circuit generally uses the lodestar method for determining a reasonable fee in an FLSA settlement, defined as a reasonable hourly rate multiplied by hours reasonably expended. *See Lyle v. Food Lion, Inc.*, 954 F.2d 984, 988 (4th Cir. 1992); *Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 411–12 (D. Md. 2014). However, where the parties reach a settlement on behalf of both an FLSA collective and Rule 23 classes and agree to a common fund for the benefit of all, courts may assess the reasonableness of fees by using the percentage method, in which attorneys recover a percentage of the fund bestowed on the class,[1] supplemented with a lodestar cross-

---

[1] *See Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984) (noting that "the calculation of attorney's fees under the 'common fund doctrine'" means "a reasonable fee is based on a percentage of the

4

check. *See, e.g., Hall*, 2016 WL 5416582, at *7 (stating the proper standard for a hybrid FLSA and Rule 23 action); *Mullinax v. Parker Sewer & Fire Subdistrict*, No. 6:12-cv-01405-TMC, 2014 WL 12774925, at *7–8 (D.S.C. Mar. 11, 2014) (same). This lodestar cross-check compares the requested contingent fee award against a fee calculated based on hours spent at prevailing market rates to ensure that the fee is "within some reasonable multiplier of the lodestar." *Boyd v. Coventry Health Care, Inc.*, 299 F.R.D. 451, 462, 467 (D. Md. 2014); *see also Jones v. Dominion Res. Servs., Inc.*, 601 F. Supp. 2d 756, 759–60 (S.D. W. Va. 2009) (collecting cases).

The Fourth Circuit considers twelve factors to evaluate the overall reasonableness of an award of attorney's fees: "(1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases." *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978); *Mullinax*, 2014 WL 12774925,

---

fund bestowed on the class"); David F. Herr, *Ann. Manual for Complex Litig.* § 14.121 (4th ed. May 2019 Update) (noting that "the vast majority of courts of appeals now permit or direct district courts to use the percentage-fee method in common-fund cases"), *id.* at nn.483, 484 (collecting cases).

at *11 (applying the *Barber* factors to award attorney's fees in a hybrid FLSA and Rule 23 action).

### b. Analysis

Class Counsel's request for a fee of $1,000,000, reflecting one-third of the monetary recovery provided to class members in the settlement agreement, is reasonable following consideration of the twelve *Barber* factors. Class Counsel spent over 1461.8 attorney hours and 296.6 hours of non-attorney time on this matter, a significant investment of labor and resources. Doc. 78-3 at ¶ 6; Doc. 79 at ¶ 8. Counsel conducted extensive factual and legal research to determine the merits and scope of the claims, damages, and certain procedural matters. *See* Doc. 58 at ¶¶ 15–17. This included interviewing about thirty-five people and researching novel questions of law, such as how to address a bonus that is calculated in one way, then adjusted to reflect an even percentage of an employee's salary. *Id.* at ¶¶ 15, 16; *see Kirkpatrick v. Cardinal Innovations Healthcare Sols.*, 352 F. Supp. 3d 499, 505 (M.D.N.C. 2018) ("[T]he novelty and difficulty of the questions raised weighs in favor of approving the fee because collective counsel had to address procedurally and substantively complex FLSA issues," such as a question addressed by little Fourth Circuit caselaw.).

In addition, Class Counsel's work required considerable skill both in litigation and in this substantive area of law. The plaintiffs filed a complaint; responded to the defendants' motion for partial dismissal; filed a motion for conditional certification of the FLSA claims, with declarations in support; then entered complex settlement negotiations with and without a mediator for a few months. Doc. 58 at ¶¶ 18–21. In

6

preparation for mediation, plaintiffs' counsel reviewed extensive documents produced by the defendants, including over 2,000,000 lines of payroll data and 28,000,000 lines of time-keeping data. *Id.* at ¶ 20. Plaintiffs' counsel also submitted a seventeen-page letter to Fidelity outlining the facts, supporting law, an analysis of the data, and a proposal for settlement. *Id.*; *see Kirkpatrick*, 352 F. Supp. 3d at 505 (finding skill factor satisfied due to evolving nature of FLSA collective action case law). Soon after mediation, the parties reached an agreement in principle, followed by further negotiations to arrive at an executed settlement agreement. Doc. 58 at ¶ 21; Doc. 55 at 20–22.

Class and collective wage and hour cases require intensive resources, and—particularly when counsel operate, as here, on a contingency basis—pursuing these cases involves opportunity costs and risk. Doc. 58 at ¶ 41; *see In re Abrams & Abrams, P.A.*, 605 F.3d 238, 245–46 (4th Cir. 2010) ("contingency fee agreements transfer a significant portion of the risk of loss to the attorneys taking a case"). Class Counsel's law firms are small enough that the choice to take one case over another affects the firm's ability to accept other paying work, and the work involved in this case was extensive. *See Johanssen v. District No. 1–Pac. Coast Dist.*, No. AMD 96–2355, 2001 WL 770987, at *4 (D. Md. July 10, 2001) (discussing opportunity costs.). Class Counsel's actual hourly rates are reasonable for their experience, *see* Doc. 58 at ¶ 38; Doc. 59 at ¶ 16 (citing cases), and the one-third share requested is in line with or less than the customary rates charged in this type of case. *See Kirkpatrick*, 352 F. Supp. 3d at 505 (approving one-third contingency fee in FLSA collective action); *Smith v. Krispy Kreme Doughnut Corp.*, No. 1:05CV00187, 2007 WL 119157, at *2 (M.D.N.C. Jan. 10,

2007) ("In this jurisdiction, contingent fees of one-third . . . are common."). And a one-third share is a reasonable expectation where Class Counsel took on a risk of non-payment even as they advanced significant costs to pursue the litigation. While the parties did not engage in extensive motions practice or formal discovery, this case did involve filings with strict deadlines. The *Barber* factors 1 through 6 weigh in favor of Class Counsel's requested award, while factor 7 is neutral.

Next, *Barber* factor 8—the degree of success obtained—is "the most critical factor in determining the reasonableness of an attorney fee award." *Randle v. H & P Capital, Inc.*, 513 F. App'x 282, 284 (4th Cir. 2013) (quoting *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)). Here, the Gross Settlement Amount of $3,000,000 is more than half the total amount of lost wages that Class Counsel calculated—$5,500,000—for the five to fifteen minutes daily in uncompensated pre-shift work. *See* Doc. 78 at 13–14, 29. Settlements rarely result in full recovery, and by settling the individual class members gain the certainty of payment over the uncertainty inherent in further litigation. The lack of objections in this case also supports the reasonableness of the fee. *See Singleton v. Domino's Pizza, LLC*, 976 F. Supp. 2d 665, 683 (D. Md. 2013).

Class Counsel demonstrate the experience and ability required to merit the fees requested, both in hybrid wage and hour cases and in class actions. *See* Doc. 59 at ¶¶ 3–5; Doc. 58 at ¶¶ 3–11. This case presented difficult, specialized legal questions, as well as "challenges in development of the factual record, without guarantee of success or attorney fees," which indicates the undesirability of the case within the local legal community. *See Price v. City of Fayetteville*, No. 5:13–CV–150–FL, 2015 WL

8

1222168, at *6 (E.D.N.C. Mar. 17, 2015).

Factor 11, the nature and length of the attorneys' relationship with the client, is inconsequential given the one-time relationship present here. *See id.* Finally, the requested award here—one-third of the settlement fund—aligns with awards approved by many Fourth Circuit courts. *See* Doc. 55 at 32–33 (citing cases). Under the *Barber* factors, $1,000,000 is a reasonable award of attorney's fees in this case.

A lodestar cross-check—"a reasonable hourly rate multiplied by the reasonable number of hours expended"—supports the requested award as well. *See In re Dollar Gen. Stores FLSA Litig.*, No. 5:09–MD–1500, 2011 WL 3904609, at *2 (E.D.N.C. Aug. 23, 2011). Class Counsel's lodestar value is $913,560.20, which does not include some time for finalizing the recent filings or appearing at the final settlement hearing. *See* Doc. 78-3 at ¶ 5. Their request for one-third of the settlement fund is thus only slightly more than the lodestar, and Fourth Circuit district courts have approved awards that are multiple times greater than lodestar amounts. *See, e.g.*, *Singleton*, 976 F. Supp. 2d at 689 (noting "[c]ourts have generally held that lodestar multipliers falling between 2 and 4.5 demonstrate a reasonable attorneys' fee" and approving a multiplier of 3); *Krispy Kreme*, 2007 WL 119157, at *3 (approving a "modest" multiplier of 1.6). The requested fee is well within what is reasonable based on a lodestar cross-check. The Court will grant Class Counsel's request for $1,000,000 in attorney's fees.

III.    **Attorney's Expenses**

Under Rule 23(h), a trial court may award nontaxable costs that are authorized by law or the parties' agreement. Fed. R. Civ. P. 23(h). The FLSA also authorizes

awarding the costs of the action. 29 U.S.C. § 216(b); *see Kirkpatrick*, 352 F. Supp. 3d at 503. A cost award is authorized by both the parties' settlement agreement, *see* Doc. 64-1 at §§ II(B), III(C), and the common fund doctrine. *See Kruger v. Novant Health, Inc.*, No. 1:14CV208, 2016 WL 6769066, at *6 (M.D.N.C. Sept. 29, 2016).

Class Counsel request reimbursement of $33,931.42 in litigation expenses to be paid from the settlement fund. These expenses include mailing costs, online legal research, long-distance telephone use, expert and mediator fees, travel expenses for mediation and court proceedings, and court filing fees. *See* Doc. 58 at ¶ 42; Doc. 59 at ¶¶ 24–25; Doc. 78-3 at ¶¶ 8–9; Doc. 79 at ¶¶ 10–11 (listing expenses itemized by category). These are "reasonable out-of-pocket expenses . . . which are normally charged to a fee-paying client, in the course of providing legal services." *Singleton*, 976 F. Supp. 2d at 689–90 (quoting *Spell v. McDaniel*, 852 F.2d 762, 771 (4th Cir. 1988)). Accordingly, Class Counsel's request for reimbursement of these expenses is approved as fair and reasonable.

### IV. Class Representative Awards

At the end of a successful class action, it is common for trial courts to compensate class representatives for the time and effort they invested to benefit the class. *See, e.g., Krispy Kreme*, 2007 WL 119157, at *4. "To determine whether [a service] payment is warranted, the court should consider the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation." *Kirkpatrick*, 352 F. Supp. 3d at 507–508.

Class Counsel seek service awards for named plaintiffs Bailey Reynolds ($20,000) and Helen Martinez ($15,000), in addition to their allocated damages, and for opt-in plaintiffs within the FLSA collective action ($2,000, or their allocated damages if greater). The notice sent to class members specified these awards, *see* Doc. 64-2 at 3, and as noted *supra*, there were no objections filed.

The named and opt-in plaintiffs provided information and, in some cases, declarations in support of the plaintiffs' motion for class certification. Doc. 58 at ¶ 44. The named plaintiffs provided information about the amount of time for and the nature of the defendants' pre-shift activities, as well as the relevant policies; both were available multiple times to provide and review documents while Class Counsel were investigating the case and during mediation. *Id.* at ¶ 46. Ms. Reynolds brought a claim under the Family Medical Leave Act that is not raised by anyone else and is included under the release she provides with this settlement, Doc. 57 at 13, which justifies her greater service award. The fifteen to twenty FLSA opt-in plaintiffs helped explain the defendants' policies and practices at different call centers, which further assisted Class Counsel in developing the case. Doc. 58 at ¶ 46. The requested awards are in keeping with the relative amount of assistance the named plaintiffs and opt-in plaintiffs provided here, and they are consistent with awards in similar settlements. *See, e.g.*, *Kirkpatrick*, 352 F. Supp. 3d at 508 (approving $10,000 service award to named plaintiff in FLSA case); *DeWitt v. Darlington Cty.*, No. 4:11–cv–00740–RBH, 2013 WL 6408371, at *14–15 (D.S.C. Dec. 6, 2013) (citing cases approving incentive payments in FLSA collective and other employment-related class actions, with $10,000 to $20,000 for named

plaintiffs); *Leigh v. Bottling Grp., LLC*, No. DKC 10–0218, 2012 WL 460468, at *1, *6–7 (D. Md. Feb. 10, 2012) ($9,000 incentive award in FLSA case to named plaintiff, out of $600,000 overall settlement fund). Finally, even assuming there were twenty FLSA opt-in plaintiffs, all of the service awards total 2.5% of the settlement fund. *See Kirkpatrick*, 352 F. Supp. 3d at 508 (finding service award reasonable in part because it was less than 1.5% of settlement fund). This aspect of the motion will also be granted.

### V.    Conclusion

Class Counsel's uncontested motion for attorney's fees, expenses, and service awards for the named plaintiffs and FLSA opt-in plaintiffs is well supported and reasonable.

Accordingly, it is **ORDERED** that plaintiffs' unopposed motion for attorney's fees and reimbursement of costs and expenses, Doc. 54, is **GRANTED** and plaintiffs' unopposed motion for approval of service awards, Doc. 56, is **GRANTED** as follows:

1. Plaintiffs' Counsel are awarded attorney's fees in the amount equal to one-third of the Maximum Gross Settlement Amount (i.e., $1,000,000.00), to be paid from the settlement amount.

2. Plaintiffs' Counsel are awarded litigation expenses of $33,931.42, to be paid from the settlement amount.

3. A Service Award paid from the settlement amount to

    a. Named Plaintiff Bailey Reynolds is approved in the amount of $20,000.00;

    b. Named Plaintiff Helen Martinez is approved in the amount of

$15,000.00; and

c. Opt-In Plaintiffs who previously submitted a written consent form requesting to join the FLSA collective action in this case are approved to receive a minimum settlement payment of $2,000, in recognition of their support in prosecuting this case.

This the 7th day of January, 2020

_____
UNITED STATES DISTRICT JUDGE