IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BAILEY REYNOLDS and HELEN )
MARTINEZ on behalf of themselves )
and all others similarly situated, )
                                           )
                Plaintiffs, )
                                           )
                    v. )                    1:18-CV-423
                                           )
FIDELITY INVESTMENTS )
INSTITUTIONAL OPERATIONS )
COMPANY, INC., FMR LLC, )
FIDELITY BROKERAGE )
SERVICES LLC, FIDELITY )
WORKPLACE INVESTING LLC, )
and VERITUDE LLC, )
                                           )
                Defendants. )

## ORDER AND JUDGMENT

The plaintiffs seek court approval of a settlement agreement with the defendants and dismissal of this Rule 23 class action and Fair Labor Standards Act (FLSA) collective action with prejudice. For the reasons set forth in the Memorandum Opinion and Order filed concomitantly with this Judgment, the motion is **GRANTED** and the settlement is **APPROVED**, as the Court finds the settlement is fair, reasonable, and adequate under Rule 23, and a reasonable resolution of a *bona fide* dispute under the FLSA.

It is **ORDERED, ADJUDGED,** and **DECREED** that:

1. In accordance with the Court's April and August 2019 Orders, Docs. 65, 74, notice was timely distributed by first-class mail to all members of the Settlement

Classes and Collective Action, and notice was published on the website maintained by RG/2. *See* Doc. 78-1 at ¶¶ 6, 7, 13, 14.

2. The form and methods of notifying the Settlement Classes of the terms and conditions of the proposed Settlement Agreement met the requirements of Federal Rule of Civil Procedure 23(c)(2), any other applicable law, and due process, and constituted the best notice practicable under the circumstances; and due and sufficient notices of the Fairness Hearing and the rights of all Class Members have been provided to all people, powers, and entities entitled thereto.

3. Members of the Settlement Classes and Settlement Collective Action had the opportunity to be heard on all issues on the resolution and release of their claims by submitting objections to the Settlement Agreement to the Court.

4. No objections to the Settlement were filed, timely or otherwise.

5. Class Counsel represent that under the Class Action Fairness Act, 28 U.S.C. § 1711 *et seq.*, the defendants sent notices to the requisite federal and state authorities on or around April 22, 2019, and no authorities commented on the settlement or objected to it. Doc. 78 at 13.

6. All applicable requirements of the Class Action Fairness Act, 28 U.S.C. § 1711 *et seq.*, have been satisfied.

7. The operative complaint, Doc. 62, and all claims asserted therein in the Rule 23 class actions and FLSA collective action are hereby **DISMISSED** with prejudice, and without costs to any of the settling parties other than as provided for in the Settlement Agreement. To the extent any individuals may meet the requirements

of the classes in the Second Amended Complaint but do not meet the conditionally certified classes of the Settlement Agreement, those individuals' claims are dismissed without prejudice. *See* Doc. 62 at ¶¶ 7, 11, 13; Doc. 64-1 at §§ II(A)(24), (25).

8. After these claims are dismissed, all Rule 23 Class Members who did not timely exclude themselves from the settlement, all individuals who opted into the FLSA collective action, and the Named Plaintiffs shall be permanently enjoined from pursuing claims that have been released under the Settlement Agreement. *See* Doc. 64-1 at § V(A). This release includes all claims "that relate to hours worked or the payment of wages arising on or before the date of the Court's final approval of the settlement," as further explained in the Settlement Agreement. *Id.* at § V(A)(1). Only the Named Plaintiffs have released "any and all claims whatsoever" arising before final approval of the settlement, except to the extent any such claim may not be waived as a matter of law. The other class members and the FLSA opt-in plaintiffs may still bring discrimination claims. *Id.* Those class members who did not submit a claim form have not waived their FLSA claims. *Id.*

9. All Rule 23 Class Members who did not timely exclude themselves from the settlement, all individuals who opted into the FLSA collective action (including all opt-in plaintiffs), and the Named Plaintiffs agree that they will not accept, recover, or receive any form of relief based on claims asserted or settled in this litigation

3

that may arise out of any other proceeding, as explained in the Settlement Agreement. Doc. 64-1 at § V(A)(2).

10. Notwithstanding these releases, any plaintiff or class member may participate in the California settlement of *Morris v. Fidelity Investments et al.*, No. 3:17-cv-06027 (N.D. Cal. Oct. 20, 2017). Doc. 64-1 at § V(A)(2).

11. Nothing herein shall preclude any action to enforce the terms of the Settlement Agreement in accordance with the procedures set forth in the Settlement Agreement. *See* Doc. 64-1 at § V(B).

12. Within 30 days after this Judgment, the Settlement Administrator RG/2 will establish a Qualified Settlement Fund, and the defendants shall deposit into the Fund the portion of the Gross Settlement Amount needed to satisfy the approved attorney's fees and litigation expenses, submitted claim forms, and service awards. Within the timeframes established in the Settlement Agreement, RG/2 will then issue settlement payments to authorized claimants, attorney's fees and litigation expenses to Class Counsel, and service awards to named and opt-in plaintiffs. *Id.* at § IV(D). The Court has authorized payment of these attorney's fees, litigation expenses, and service awards by separate Order.

13. The Settlement Administrator shall have sole responsibility to determine the share of the Gross Settlement Amount to be allocated to each class member. The Administrator shall also be responsible for issuing the settlement checks, less required withholdings and deductions, to each authorized claimant and mailing the settlement checks, Form W-2s, and Form 1099s to each such individual, as

established in the Settlement Agreement. *Id.* at § III(D). Disputes of any kind relating to the Settlement Administrator will be resolved with the dispute resolution procedures in § IV(E) of the Settlement Agreement, if they cannot be resolved informally by the parties. *See id.* at § IV(D)(5).

14. The Court retains jurisdiction for purposes of enforcing this Final Order and the Settlement Agreement and overseeing the distribution of settlement funds. Any motion to enforce this Final Order or the Settlement Agreement, including by way of injunction, may be filed in this Court, and the provisions of the Settlement Agreement or this Final Order may also be asserted by way of an affirmative defense or counterclaim in response to any action that is asserted to violate the Settlement Agreement.

15. Upon entry of this Order, all Class Members shall be bound by the Settlement Agreement and by this Final Order.

16. The parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

For the reasons set forth in the Order filed contemporaneously with this Judgment, it is hereby **ORDERED AND ADJUDGED** that the consent motion to approve the collective and class action Settlement Agreement, Doc. 77, is **GRANTED** and this case is **DISMISSED** with prejudice to the extent stated herein.

This the 8th day of January, 2020.

_____
UNITED STATES DISTRICT JUDGE

5

Case 1:18-cv-00423-CCE-LPA   Document 93   Filed 01/08/20   Page 5 of 5